UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INTERNATIONAL BROKERAGE &
SURPLUS LINES, INC., a Florida
corporation,**

    **Plaintiff,**

v.                                                                  Case No.  8:06-cv-104-T-30MSS

**LIBERTY MUTUAL INSURANCE
COMPANIES, d/b/a LIBERTY
SYNDICATE 190; RICHARD McCARTHY,
individually; and SIMON SKEATES,
individually,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss for Improper Venue Or, In the Alternative, To Compel Arbitration Under the Law of England All Counts And Claims Related to "2000 Line Slip" (Dkt. 19), Defendants' Memorandum of Law In Support of Motion to Dismiss for Improper Venue Or, In the Alternative, To Compel Arbitration Under the Law of England All Counts And Claims Related to "2000 Line Slip" (Dkt. #20), Plaintiff's Opposition and Response to Defendants' Motion to Dismiss For Improper Venue Or, In The Alternative, To  Compel Arbitration Under The Law Of England All Counts and Claims Related To "2000 Line Slip" (Dkt. #27),  Plaintiff's Request for Oral/Evidentiary Hearing (Dkt. #28), Plaintiff's Notice of Filing (Dkt. #29), and Notice by Certain Interested Underwriters at Lloyd's London of Filing Declaration of Richard

McCarthy Regarding NMA 2580 (Dkt. #34).  The Court, upon consideration of the motion, response, memoranda, exhibits, affidavits, amended complaint, and being otherwise advised in the premises, finds that Defendant's motion should be granted as stated herein.

Only July 28, 2006, this Court ordered the parties to file a copy of the "NMA 2580" addendum that is referenced and incorporated within the "2000 Line Slip" agreement (Dkt. #1-2).  On August 16, 2006, Defendant, Richard McCarthy, filed a copy of a NMA 2580 form (Dkt. #34-2).  None of the parties have refuted the applicability or accuracy of Section 36 of the NMA 2580 form which states, in pertinent part:

> 36.1  All matters in difference between the parties arising under, out of or in connection with the Agreement, including formation and validity, and whether arising during or after the period of the Agreement, shall be referred to an arbitration tribunal in the manner hereinafter set out
> 
> * * *
> 
> 36.5  The place of arbitration shall be in London, England and the arbitration shall be conducted in accordance with and governed by the laws of England, including the Arbitration Act 1950-1979 or as from time to time reenacted or amended.

Furthermore, from a review of Section 36 of the "Initial 2130 Line Slip" (in effect from January 1, 2000 through December 31, 2000) attached as (Dkt. #19-2), the parties also intended to arbitrate all disputes arising under such agreement in London, England.  Accordingly, the Court finds that any and all claims relating to or arising under the "2000 Line Slip" or the "Initial 2130 Line Slip" should be arbitrated in London, England, pursuant to the contract between the parties.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss for Improper Venue Or, In the Alternative, To Compel Arbitration Under the Law of England All Counts And Claims Related to "2000 Line Slip" (Dkt. 19) is GRANTED as stated herein. The parties are directed to arbitrate this action and to notify the Court when arbitration is completed.

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-104.compel arbitration 19.wpd