UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INTERNATIONAL BROKERAGE &
SURPLUS LINES, INC.,** a Florida
corporation,

    **Plaintiff,**

v.                                     Case No.  8:06-cv-104-T-30MSS

**LIBERTY MUTUAL INSURANCE
COMPANIES, d/b/a LIBERTY
SYNDICATE 190; RICHARD McCARTHY,**
individually; **and SIMON SKEATES,**
individually,

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Defendant Richard McCarthy For Lack Of Personal Jurisdiction (Dkt. #17), and Plaintiff's Opposition and Response to Motion to Dismiss Defendant Richard McCarthy for Lack of Personal Jurisdiction (Dkt. #31).  The Court, having considered the motion, response, memoranda, Declaration - Affidavit of Clyde J. Holliday, III (Dkt. #27-2), Declaration of Richard J. McCarthy (Dkt. #21), the Amended Complaint, and being otherwise advised in the premises, the Court finds that Defendant's motion should be granted.

In support of Defendant's Motion to Dismiss, Defendant maintains that Plaintiff has failed to plead that Richard McCarthy ("McCarthy") engaged in conduct that brought him within the reach of Florida's Long Arm Statute, nor does McCarthy have sufficient minimum

contacts with Florida that would allow this Court to exercise personal jurisdiction over him. In response, Plaintiff argues that if McCarthy was acting outside the scope of his authority as an employee with Liberty Syndicate 190, then McCarthy would be subject to the jurisdiction of this Court.

## Analysis

A plaintiff bears the burden of proving personal jurisdiction. See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Initially, this Court must accept the facts alleged in the complaint as true. See Future Technology Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam); SEC v. Carillo, 115 F.3d 1540, 1542 (11th Cir. 1997). Once sufficient facts are pled to support this Court's exercise of personal jurisdiction, a defendant then bears the burden to challenge a plaintiff's allegations by affidavits or other evidence. See Future Technology Today, 218 F.3d at 1249. When a defendant meets its burden, the burden shifts back to the plaintiff to substantiate its jurisdictional allegations by affidavits, testimony, or documents. See id.

Federal courts apply a two part test to determine whether the court has personal jurisdiction over a defendant. First, the court must determine if there is jurisdiction under the forum state's long arm statute. See Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Second, the court must examine whether the defendant has sufficient "minimum contacts" with the forum state to satisfy the Fourteenth Amendment's Due Process Clause so that "maintenance of the suit does not offend traditional notions of fair

play and substantial justice." Cable/Home Communication Corp. v. Network Prod., 902 F.2d 829, 855 (11th Cir. 1990)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Florida's Long Arm Statute, section 48.193(1)(a), (b), states, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.

Based on a review of the Amended Complaint and affidavits submitted by both parties, the Court concludes that Plaintiff has failed to plead specific conduct on the part of Richard McCarthy sufficient to bring him, in his individually capacity, within the reach of Florida's Long Arm Statute. Plaintiff has simply pled broad general assertions that Richard McCarthy "provided insurance related services and coverage to Florida based entities" and "had specific conduct with the state of Florida through extensive business relations and dealings with IBSL." Plaintiff also claims that Richard McCarthy, as an agent for Liberty Syndicate 190, facilitated a verbal renewal of the Diversified Truckers insurance program and other similar insurance programs, including the "2130 Line Slip." Plaintiff has provided no specifics as to how and when Richard McCarthy, individually, provided insurance related services and coverage to Florida based entities. Plaintiff has provided no specifics as to when and by what means Richard McCarthy, individually, had specific conduct with the state

play and substantial justice." Cable/Home Communication Corp. v. Network Prod., 902 F.2d 829, 855 (11th Cir. 1990)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Florida's Long Arm Statute, section 48.193(1)(a), (b), states, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.

Based on a review of the Amended Complaint and affidavits submitted by both parties, the Court concludes that Plaintiff has failed to plead specific conduct on the part of Richard McCarthy sufficient to bring him, in his individually capacity, within the reach of Florida's Long Arm Statute. Plaintiff has simply pled broad general assertions that Richard McCarthy "provided insurance related services and coverage to Florida based entities" and "had specific conduct with the state of Florida through extensive business relations and dealings with IBSL." Plaintiff also claims that Richard McCarthy, as an agent for Liberty Syndicate 190, facilitated a verbal renewal of the Diversified Truckers insurance program and other similar insurance programs, including the "2130 Line Slip." Plaintiff has provided no specifics as to how and when Richard McCarthy, individually, provided insurance related services and coverage to Florida based entities. Plaintiff has provided no specifics as to when and by what means Richard McCarthy, individually, had specific conduct with the state

of Florida. Finally, Plaintiff has provided no specifics as to where the verbal renewal agreement at issue was made or the basic terms and conditions of such agreement.

Pursuant to Richard McCarthy's affidavit (which has not been refuted by Plaintiff), Richard McCarthy has established that: he is currently and has always been a resident of the United Kingdom; he has never operated, conducted, engaged in, or carried on a business or business venture in the State of Florida; he has never had an office or agency in the State of Florida; he has never committed a tortious act in the State of Florida; he has not had any business dealings or had any business relations with IBSL within the State of Florida; all business dealings relating to IBSL were conducted in London, almost exclusively with the London insurance brokerage firms, which acted as the London agents for IBSL in connection with the business matters at issue; he has received two telephone communications from IBSL to him in London, which he received on behalf of his employer, Liberty Syndicate 190; and he met with IBSL personnel on three or four occasions in the past six years on behalf of Liberty Syndicate 190 in London.

Plaintiff's argument that McCarthy would be subject to this Court's jurisdiction "if" McCarthy acted outside the scope of his authority is unpersuasive based on Plaintiff's own allegations and affidavits claiming that McCarthy was the representative of Liberty Syndicate 190 and appeared to possess the authority to negotiate on behalf of Liberty Syndicate 190.

For these reasons, the Court concludes that it lacks personal jurisdiction over Richard McCarthy.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Defendant Richard McCarthy For Lack Of Personal Jurisdiction (Dkt. #17) is GRANTED.

2. Any and all claims brought by Plaintiff against Defendant, Richard McCarthy, are dismissed.

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-104.dismiss mccarthy 17.wpd